**Yun Hui CHEN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 06–4075–ag.

United States Court of Appeals, Second Circuit.

Jan. 27, 2009.

584

Theodore N. Cox, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Richard Zanfardino, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present JOSÉ A. CABRANES, REENA RAGGI, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Yun Hui Chen, a native and citizen of the People's Republic of China, seeks review of an August 7, 2006 order of the BIA affirming the March 13, 2006 order of Im-

migration Judge ("IJ") Sarah M. Burr denying his motion to reopen his proceedings to file a successive asylum application. *In re Yun Hui Chen,* No. A70 891 751 (B.I.A. Aug. 7, 2006), *aff'g* No. A70 891 751 (Immig. Ct. N.Y. City Mar. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006).

The Immigration and Nationality Act and its implementing regulations provide that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the movant seeks reopening to apply for asylum or withholding of removal based on changed circumstances arising in his country of nationality, if the evidence submitted is material and was unavailable and undiscoverable at the time of his hearing before the IJ. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Chen's motion to reopen was untimely.

Notwithstanding the untimeliness of his motion, Chen argues that he was authorized to file a successive asylum application under 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 1208.4 because the birth of his children in the United States constitutes changed circumstances that materially affect his eligibility for asylum. However, the BIA has rejected precisely this argument in a precedential decision. *See Matter of C–W–L–,* 24 I. & N. Dec. 346, 347

(BIA 2007). We have accorded *Chevron* deference to that decision. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 152 (2d Cir. 2008). Because this case is squarely controlled by *Matter of C–W–L–* and *Yuen Jin*, Chen's argument fails.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

* Despite Chen's urging, we decline to revisit our decision in *Yuen Jin.*